OPINION
{¶ 1} Appellant Threase Walton appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, which granted permanent custody of her daughter, Ti'nijha Fortson, to Appellee Stark County Department of Job and Family Services ("SCDJFS"). The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant is the mother of Ti'nijha Fortson, born in 2002. On March 26, 2004, SCDJFS filed a complaint alleging the child was abused, neglected, and/or dependent.[1] The trial court found Ti'nijha to be dependent via a judgment entry filed April 21, 2004. Following a subsequent hearing, the trial court granted temporary custody to SCDJFS on June 17, 2004.
 {¶ 3} On August 17, 2005, SCDJFS filed a motion for permanent custody. An evidentiary hearing for permanent custody was thereupon set for October 27, 2005. However, approximately seven days before the hearing, appellant filed a motion to continue, based upon the assertion that "new relatives" wished to be considered for legal custody. The court denied the motion to continue, and the permanent custody trial proceeded as scheduled on October 27, 2005.
 {¶ 4} On November 7, 2005, the trial court issued a judgment entry granting permanent custody of the child to SCDJFS.
 {¶ 5} Appellant filed a notice of appeal on December 7, 2005. She herein raises the following sole Assignment of Error:
 {¶ 6} "I. THE TRIAL COURT COMMITTED ERROR WHEN IT DENIED THE APPELLANT'S MOTION TO CONTINUE THE TRIAL TO GIVE THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES TIME TO CONDUCT A HOME STUDY TO EVALUATE THE APPELLANT'S FAMILY FOR LEGAL CUSTODY."
 {¶ 7} In her sole Assignment of Error, appellant argues the trial court abused its discretion by failing to grant a continuance to further evaluate family members. We disagree.
 {¶ 8} The grant or denial of a continuance is a matter entrusted to the broad, sound discretion of the trial court.State v. Unger (1981), 67 Ohio St.2d 65. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 9} The record before us reveals that appellant's trial counsel, at the permanent custody hearing of October 27, 2005, renewed the motion for continuance based upon a request for additional home studies to be completed on the maternal aunt and maternal grandmother. Tr. at 11-13. After the trial court denied the motion, trial counsel made another motion for a continuance based upon appellant's emotional state at the time, indicating it was difficult to get any response from appellant as "she's this upset." Tr. at 13.
 {¶ 10} In regard to the issue of the attempted continuance for home studies, SCDJFS first aptly notes that no interested persons had filed a motion seeking custody of the child, as outlined in R.C. 2151.353(A)(3). Moreover, SCDJFS had previously investigated the maternal grandmother as a proposed custodian for two of the child's older siblings; however, the home study resulted in a denial due to an inappropriate person residing in the grandmother's house. Tr. at 22, 31. Thus, this result stemmed from a formal request for a home study concerning two of Ti'nijha's teenage siblings, not the subject child. Tr. at 34. A second home study at the grandmother's behest was again concerning a teenage sibling, and, according to the caseworker, at no time did the grandmother contact SCDJFS to add Ti'nijha's requirements to the study, although appellant testified that she herself had left messages on the worker's answering machine. Tr. at 35, 52.
 {¶ 11} The second proposed custodian, a maternal aunt, had been investigated in 2004. This aunt failed to attend a diabetic training course to deal with Ti'nijha's health issues, and the aunt lived in an apartment complex that did not allow children without the housing authority's consent. The aunt had failed to document said consent to SCDJFS as requested. Tr. at 22-23. According to caseworker Karen Cirone, the aunt did not renew a request for a home study. Tr. at 37. Counsel for SCDJFS further advised the court that a permanent custody order would not affect the relatives' ability to participate in the home study process for potential adoption. Tr. at 12.
 {¶ 12} Finally, in regard to the emotional state of appellant at the hearing, the record reveals that appellant nonetheless was able to testify on her own behalf and responded to questioning by the attorneys after the proceedings on the merits commenced. See Tr. at 43-61.
 {¶ 13} Upon review of the aforesaid circumstances, we are unpersuaded that the trial court abused its discretion in denying appellant a continuance of the permanent custody trial.
 {¶ 14} Appellant's sole Assignment of Error is overruled.
 {¶ 15} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.
Wise, P.J. Edwards, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.
Costs assessed to Appellant.
[1] Several siblings were also the subject of the complaint. The present appeal, however, concerns Ti'nijha only.